UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAYA BELKI,

                      Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY

                    Defendant.

25-CV-0821 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action seeking review of the Commissioner of Social Security's decision denying her application for disability benefits under the Social Security Act, 42 U.S.C. §§ 405(g) and/or 1383(c)(3). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

    An action filed pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

    Plaintiff alleges that she resides in Queens County. Because Plaintiff's residence is not in this district, and Plaintiff makes no allegation about a principal place of business, venue is not proper in this Court under §§ 405(g) or 1383(c)(3). Queens County falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of

2

New York, *see* 42 U.S.C. §§ 405(g) and 1383(c)(3), and this action is transferred to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 30, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge